NOTE:  This disposition is nonprecedential.

# United States Court of Appeals
# for the Federal Circuit

---

**WALTER L. ALLEN,**
*Plaintiff-Appellant*

**v.**

**UNITED STATES,**
*Defendant-Appellee*

---

2020-1578

---

Appeal from the United States Court of Federal Claims
in No. 1:19-cv-01304-VJW, Senior Judge Victor J. Wolski.

---

Decided:  August 5, 2020

---

WALTER L. ALLEN, Brooklyn, NY, pro se.

SOSUN BAE, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, for defendant-appellee.  Also represented by ETHAN P. DAVIS, TARA K. HOGAN, ROBERT EDWARD KIRSCHMAN, JR.

---

Before O'MALLEY, BRYSON, and REYNA, *Circuit Judges.*

PER CURIAM.

The Court of Federal Claims ("Claims Court") has jurisdiction to render judgment "upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort." 28 U.S.C. § 1491(a)(1). Absent from this grant of jurisdiction are claims based on personal grievances against post office employees. Walter L. Allen ("Allen") appeals a decision of the Claims Court dismissing for lack of subject matter jurisdiction his complaint alleging such a grievance. *Allen v. United States*, No. 19-1304C, 2020 WL 975438 (Fed. Cl. Feb. 28, 2020). We *affirm*.

## BACKGROUND

Allen filed his complaint on August 27, 2019, alleging that on January 2, 2019, a United States Postal Service ("USPS") employee in Brooklyn, New York refused to accept Allen's letters for mailing. *Allen*, 2020 WL 975438, at *1. The employee was apparently the only worker at the time and was therefore unable to weigh the letters. J.A. 7. After a "minor verbal dispute," Allen took the letters to another post office. *Id.* Within 30 minutes of the initial incident, Allen's mail was accepted by the second post office. *Id.* Allen subsequently filed a grievance with USPS headquarters, requesting "900 zillion" dollars for this unpleasant interaction. *Allen*, 2020 WL 975438, at *1. The USPS apologized to Allen, but did not pay him the requested amount. *Id.* Allen then filed a complaint against the United States in the Claims Court, increasing his monetary demand to "one hundred million zillion dollars." *Id.* He also sought termination of the employee involved in the incident. *Id.*

The government filed a motion to dismiss Allen's complaint for lack of subject matter jurisdiction. *Id.* Allen did

not respond to the motion.  Even after accepting all factual allegations as true, drawing all reasonable inferences in the light most favorable to Allen, and liberally construing Allen's filings, the Claims Court found that it did not have subject matter jurisdiction. *Allen*, 2020 WL 975438, at * 2. The court dismissed Allen's complaint pursuant to Rule 12(b)(1) of the Rule of the Court of Federal Claims ("RCFC"). *Id.*

Allen timely filed a notice of appeal.  Allen also filed two motions for other relief in June 2020 (ECF Nos. 13 and 14), which we construe as motions to file supplemental briefing in support of his appeal.  We have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3).

### DISCUSSION

We review *de novo* a dismissal for lack of subject matter jurisdiction under RCFC 12(b)(1). *Maher v. United States*, 314 F.3d 600, 603 (Fed. Cir. 2002).  In ruling on a motion to dismiss for lack of subject matter jurisdiction, the court must accept all factual allegations in the complaint as true and construe them in the light most favorable to the non-moving party. *Estes Express Lines v. United States*, 739 F.3d 689, 692 (Fed. Cir. 2014).  The filings of *pro se* parties, moreover, should be liberally construed and held to less stringent standards than professionally drafted pleadings. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

The Claims Court derives its jurisdiction from the Tucker Act, 28 U.S.C. § 1491, which waives sovereign immunity for certain monetary claims against the federal government.  In order to establish jurisdiction under the Tucker Act, the plaintiff must identify a constitutional provision, federal statute, executive agency regulation, or an express or implied contract with the United States that creates a right to money damages. *See* 28 U.S.C. § 1491(a)(1). Allen cannot identify any provision of federal law that entitles him to monetary damages against the federal government stemming from his allegedly unpleasant encounter

with the postal officer worker or the temporary refusal of his mail. Nor does Allen claim to have been party to, or in privity with, an express or implied contract with the United States.

Few amongst us have been spared the indignity of an unpleasant encounter with a customer service representative, government or private. But fewer still would take the path Allen chose to take here. As the Claims Court has informed Allen six times over, it is a court of limited subject matter jurisdiction.[1] Allen must identify a statutory or contractual right under the Tucker Act in order to bring a case in that court. He has not done so here.[2] Accordingly,

---

[1]    Allen is no stranger to the Claims Court. In 2019, Allen filed ten complaints with that court within a three-month period. *Allen v. United States*, 145 Fed. Cl. 390, 397–98 (Fed. Cl. 2019) (collecting cases). Allen also appears to favor seeking damages in amounts such as "900 trillion dollars," and "one hundred million zillion dollars." *Id.* at 392. The Claims Court has dismissed all ten cases, at least six for lack of subject matter jurisdiction. *Id.* at 397–398. Not surprisingly, the Claims Court has imposed sanctions on Allen, barring him from filing any future complaints without first obtaining leave to file from the Chief Judge of the court. *Id.*

[2]    To the extent Allen suggests that he has filed a bid protest case in his complaint, invoking the Claims Court's jurisdiction under 28 U.S.C. § 1491(b), that argument is meritless. Such jurisdiction only arises "in connection with a procurement or a proposed procurement." 28 U.S.C. §1491(b). As a procurement pertains to the government's "process of acquiring property or services," this action cannot be a bid protest. *Distributed Sols., Inc. v. United States*, 539 F.3d 1340, 1345 (Fed. Cir. 2008).

we conclude that the Claims Court correctly determined that it lacked subject matter jurisdiction.

## CONCLUSION

Because the Claims Court lacked subject matter jurisdiction, we *affirm*. We dismiss as moot Allen's June 2020 motions for other relief.

## AFFIRMED

## COSTS

No costs.